**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JASON GUINUP,**

                **Plaintiff,**                No. 08-cv-973
                                                          (GLS-RFT)
         **v.**

**CHRISTOPHER SHARPE, NYS Police Trooper;
et. al.,**

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| FOR THE PLAINTIFF:<br>JASON GUINUP<br>05-A-6227<br>Pro Se<br>Mt. McGregor Correctional Facility<br>1000 Mt. McGregor Road<br>Wilton, NY 12831 | |
| FOR THE DEFENDANTS:<br>HON. ANDREW M. CUOMO<br>Attorney General for the<br>State of New York<br>The Capitol<br>Albany, NY 12224 | MICHAEL G. MCCARTIN, ESQ.<br>Assistant Attorney General |

**Gary L. Sharpe
U.S. District Judge**

## ORDER

Currently before the court is defendant Patrick Loveland and defendant Harry J. Corbitt's motion to dismiss (Dkt. No. 13) plaintiff Jason Guinup's constitutional claims brought under 42 U.S.C. § 1983. Following review of the record on the matter, defendants' motion is granted.

## BACKGROUND

Guinup alleges that when the New York State Police arrived at a friend's premises, Guinup attempted to flee the premises by climbing a fence. (*See* Complaint Dkt. No. 1 at p. 8 ¶¶ 5-7.) At that time, Guinup claims, Officer Christopher Sharpe grabbed Guinup's legs and caused him to fall to the ground. (*Id.* at ¶ 8.) Guinup alleges that, while on the ground, Officer Sharpe struck him on his leg repeatedly. (*Id.* at ¶ 9.) Guinup also alleges that he was punched five times on his forehead by Officer Steven Boss. (*Id.* at ¶ 10.) Guinup claims, among other things, that even though he never resisted the arrest, the officers who arrested him (for violating parole conditions) used excessive force. Claiming constitutional violations, Guinup filed this action pursuant to § 1983. On February 3, 2009, under Federal Rule of Civil Procedure 12(b)(6), defendants moved to dismiss Guinup's claims against Officer Loveland and Superintendent Corbitt. To date Guinup has failed to file a response to the defendants' motion despite

2

the fact that the court has requested a response.  (*See* Dkt. No. 17.)

## **DISCUSSION**

When deciding a motion to dismiss under Rule 12(b)(6), the court accepts the allegations contained in the complaint as true and draws all reasonable inferences in favor of the non-moving party.  *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir. 1999).  Accordingly, the court must look at whether the complaint has pled "enough facts to state a claim to relief that is plausible on its face."  *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The Second Circuit has concluded, however, that, under *Twombly,* "the Supreme Court 'is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.'"  *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008) (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)).

Defendants contend that Guinup's claims under § 1983 with respect to individual defendants Loveland and Corbitt should be dismissed

3

because the complaint fails to allege the defendants' individual involvement. The court agrees with defendants. Guinup's complaint is devoid of sufficient specific allegations that these two individual defendants committed the violations Guinup alleges. Therefore, the court determines Guinup has failed to properly allege a § 1983 claim against these two individual defendants. *See McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir. 1977). Accordingly, the court determines that dismissal should be granted in favor of the two defendants.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss Guinup's claims with respect to defendants Loveland and Corbitt is **GRANTED** without prejudice; and it is further

**ORDERED** that the Clerk provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
July 28, 2009

*[signature]*
United States District Court Judge

4