**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JASON GUINUP,

                                      Plaintiff,

     - v -                                        Civ. No. 1:08-CV-973
                                                            (GLS/RFT)

CHRISTOPHER SHARPE, *et al.*,

                                      Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

JASON GUINUP
05-A-6227
Plaintiff, *Pro Se*
*Last Known Address*:
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, New York 12831

HON. ANDREW M. CUOMO                MICHAEL G. McCARTIN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

    On November 5, 2009, this Court issued an Order, in response to Defendants' Letter Motion, directing Plaintiff to submit his updated address else face dismissal of this action. Dkt. No. 25. That Order was sent to Plaintiff at three separate addresses. *Id*. at p. 5. Two of those mailings have been returned to this Court as "undeliverable", while the third mailing remains at large. Dkt. Nos. 26-27. And, yet, Plaintiff has still not responded to this Court by providing an updated address.

## I. BACKGROUND

The Court hereby adopts and incorporates into this Report-Recommendation and Order the extensive recitation of the background of this litigation and the events leading up to this recommendation set forth in our November 5th Order. *See* Dkt. No. 25.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 2996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Moreover, a litigant has the duty to inform the court of any address changes. As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. In light of the now thirteen-month span of time with no word from Plaintiff, the Court finds that, despite ample opportunity provided by the Court to correct any error or misunderstanding, Guinup has failed to prosecute this matter and possibly has abandoned all causes here. Guinup's

failure to prosecute this matter and provide a change of address warrants a recommendation of dismissal. *See* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute); *see also* N.D.N.Y.L.R. 41.2(a) (noting that a plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution); N.D.N.Y.L.R. 41.2(b) (authorizing dismissal for failure to provide a change of address). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). Notwithstanding, exceptional deference over an inordinate duration has been generously extended to Guinup, to no avail. Since Guinup has failed to inform the Court of his address, and has failed to diligently prosecute this matter, it is hereby

**RECOMMENDED**, that this action be dismissed due to Plaintiff's failure to prosecute and provide an updated address. *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED** that the Clerk of the Court serve copies of this Report-Recommendation and Order on Plaintiff at the following addresses:

Jason Guinup                                        Jason Guinup
05-A-6227                                           05-A-6227
Mt. McGregor Correctional Facility   *and*   Great Meadow Correctional Facility
1000 Mt. McGregor Road                              Box 51
Wilton, New York 12831                              Comstock, New York 12821

*and*
Jason Guinup
c/o Louis Massey
38397 US Highway Rt 11

                        Trailer #2
                        Antwerp, New York 13608.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

IT IS SO ORDERED.

Date:   December 10, 2009
          Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge